OF

# NORTH CAROLINA

AT

# RALEIGH

---

SPRING SESSION 1971

---

RIVER DEVELOPMENT CORP. AND JOSEPH C. HILL v. PARKER TREE FARMS, INC., ALTON P. PARKER, TRUSTEE AND JOHN WEBB, TRUSTEE

No. 7110SC370

(Filed 14 July 1971)

1. Venue § 5— usury action — note secured by deed of trust on real property

Although an allegedly usurious loan is evidenced by a note secured by a deed of trust on real property, the action for usury is not an action affecting an interest in real property which may be removed as a matter of right under G.S. 1-76 to the county where the real property is located.

2. Injunctions § 13; Mortgages and Deeds of Trust § 19— action for usury — foreclosure of deed of trust — temporary injunction

The court's findings of fact were sufficient to support its order enjoining defendants in a usury action from foreclosing the deed of trust securing the allegedly usurious note pending final determination of the usury action. G.S. 1-485(2).

APPEAL by defendants from *Brewer, Judge,* 15 March 1971 Session of Superior Court held in WAKE County.

This is a civil action instituted pursuant to G.S. 24-2 for forfeiture of interest and recovery of a penalty for twice the amount of interest paid on an allegedly usurious note. The plaintiffs also pray for reformation of the note to reflect the actual indebtedness of plaintiffs to defendants. The note is secured by a deed of trust on a tract of land located in Carteret County.

Subsequent to the issuance of summons, but prior to service of the complaint, the defendants instituted a foreclosure proceeding in Carteret County against the tract of land securing the note. Upon the filing of the complaint on 17 February 1971, the defendants simultaneously filed in the Superior Court of Wake County a motion for change of venue to Carteret County under G.S. 1-76, alleging that the usury action affected an interest in the real property securing the note. Following this, the plaintiffs moved for and obtained a temporary restraining order to restrain the foreclosure proceeding in Carteret County. A hearing to show cause why the restraining order should not be continued pending a final determination of the action, and a hearing upon the defendants' motion for change of venue was held at the 15 March 1971 Session of Wake County Superior Court. In an order dated 24 March 1971, Judge Brewer enjoined the foreclosure proceeding and denied the defendants' motion for change of venue. From this order the defendants appealed to this Court.

*Davis, Davis & Smith by F. Leary Davis, Jr., for plaintiff appellees.*

*Hamilton, Hamilton & Phillips by Luther Hamilton; Kirby, Webb & Hunt by John Webb for defendant appellants.*

HEDRICK, Judge.

[1] Appellants first contend that the court erred in denying their motion for change of venue. G.S. 1-76 in pertinent part provides:

"Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, . . .

(1) Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest. . . . "

Plaintiffs' action is founded in usury. The fact that the allegedly usurious loan is evidenced by a note secured by a deed of trust on real property does not make it an action affecting an interest in real property such that G.S. 1-76 would require a change of venue. Plaintiffs' action will not affect the legal title of the trustee; only the amount of the indebtedness secured by

Development Corp. v. Farms, Inc.

the deed of trust is subject to change. This contention is without merit.

[2] The defendants' contention that the court's findings of fact are not sufficient to support the order enjoining the foreclosure proceeding pending the final determination of the plaintiffs' usury action is likewise without merit. G.S. 1-485 in pertinent part provides:

> "A preliminary injunction may be issued by order in accordance with the provisions of this article. The order may be made by any judge of the superior court in the following cases. . . .

* * *

> "(2) When, during the litigation, it appears by affidavit that a party thereto is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party to the litigation respecting the subject of the action, and tending to render the judgment ineffectual. . . . "

The preliminary injunction was based upon the following findings by Judge Brewer:

> "It further appearing to the court that there is probable cause that the plaintiffs will be able to establish their asserted right, and that if plaintiffs' contentions are sustained that foreclosure of said property during the litigation will do irreparable harm and damage to the plaintiffs unless the temporary order of injunction remains in force in that any judgment that plaintiffs recover in the pending action will be rendered ineffectual by said foreclosure sale; and,

> "It further appearing to the court that defendants will suffer no considerable injury from being enjoined from foreclosing said deed of trust until the controversy between plaintiffs and defendants can be determined."

It is our opinion that the court's findings adequately support the preliminary injunction. The order dated 24 March 1971 denying the defendants' motion for a change of venue, and enjoining the foreclosure proceeding pending a final determination of the cause is affirmed.

Affirmed.

Chief Judge MALLARD and Judge CAMPBELL concur.